IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN GATES.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.
_____

Civ. No. 6:20-cv-1856-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff brings this action for judicial review of the Commissioner's decision denying his application for disability insurance benefits and supplemental security income. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

    On February 6, 2018, Plaintiff filed an application for benefits, ultimately alleging disability as of October 22, 2014. Tr. 14.[2] After a hearing, the administrative law judge (ALJ) determined Plaintiff was disabled under the Social Security Act as of October 21, 2019 (the date Plaintiff turned 55 and became an individual of "advanced age"). Tr. 15. The ALJ also concluded that prior to that date, Plaintiff was not disabled under the act. Tr. 14.

    Plaintiff argues the ALJ erred at Step 5 in concluding Plaintiff was not disabled because

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.
[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

1 – OPINION AND ORDER

he was capable of performing the job of Blending Tank Tender Helper with 10,647 jobs available nationally. The Commissioner agrees the ALJ erred—because 10,647 jobs available nationally is, by law, not a "significant number" of jobs—but argues this matter should be remanded for further proceedings. Because the ALJ erred, and because the record is fully developed and requires a finding that Plaintiff is disabled as of his 50th birthday, the Commissioner's decision is REVERSED and this matter is REMANDED for calculation of benefits.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of

proof rests upon the claimant to meet the first four steps. If the claimant satisfies his burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id*. If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

The ALJ determined Plaintiff had the following severe impairments: post traumatic arthrosis of right wrist; post traumatic arthritis of right lateral ankle; and history of a right foot fracture. Tr. 17. The ALJ found that as of October 21, 2014 (i.e, as of Plaintiff's 50th birthday), Plaintiff had the RFC to perform light work with the following limitations: he should not push/pull with the right arm; he is limited to no more than frequent climbing of ramps or stairs, he should never crawl; and he was limited to only occasionally handling with his right hand. Tr. 17. Plaintiff accepts each of the above findings.

As noted, Plaintiff's only assignment of error is that the one job the ALJ found Plaintiff capable of performing—the job of Blending Tank Tender Helper—does not have enough jobs available to qualify as "significant number" of jobs under the Act. The Commissioner agrees. The Commissioner also agrees that if Plaintiff, as of his 50th birthday, is only capable of performing work at only the sedentary exertional level, then he is disabled under the Medical Vocational Guidelines.

3 – OPINION AND ORDER

At the hearing, the ALJ presented one hypothetical to the VE. This hypothetical was for one who could "never climb ladders, ropes, or scaffolds." Tr. 48. In what may only be called a scrivener's error, this restriction did not make it into Plaintiff's RFC. The ALJ's lone hypothetical included all of the other right arm limitations—no pushing or pulling with right arm and only occasional handling with right hand—that made it into the RFC. The VE noted "with the right, especially the right dominant hand being at the occasional level, that does limit the jobs in the national economy." Tr. 49. The VE testified that due to the right arm limitations, the job of blending tank tender helper, with 10,647 jobs in the national economy, was the only job one with the given hypothetical could perform at the light level. Tr. 49. The ALJ explicitly stated "I'm not going to ask any other hypotheticals." Tr. 50.

The Commissioner argues that because Plaintiff's RFC does not limit him to never climbing ladders, ropes, or scaffolds, the lone hypothetical presented to the ALJ does not apply to Plaintiff and this matter must be remanded for further proceedings. The Court disagrees. As the ALJ only presented a single hypothetical to the ALJ, it seems clear that the ALJ concluded that hypothetical applied to Plaintiff. Additionally, each medical opinion concluded that Plaintiff was limited to no climbing of ladders, ropes or scaffolds. For example, all of the state agency physicians reached this conclusion. Tr. 67-68, 83-84, 102-103, 119-120. The ALJ explicitly noted these agency reviewing physicians "determined that the claimant" was limited "to never climbing ladders, ropes or scaffolds." Tr. 18. The ALJ found those opinions "persuasive as they take into account that the claimant [h]as limited mobility of his right wrist due to post-traumatic arthritis." Tr. 18. Finally, in addition to contradicting all of the medical opinions in the record, a finding that Plaintiff was capable of climbing ladders and ropes would contradict the ALJ's finding that Plaintiff was should not push or pull with the right arm and could only occasionally

4 – OPINION AND ORDER

handle with his right hand. Tr. 17. As mentioned above, it is clear that omitting the limitations of never climbing ladders, ropes, or scaffolds from Plaintiff's RFC was a scrivener's error. Also clear is the VE's testimony that given these limitations in his dominant hand, the job of blending tank tender helper is the only job at the light level Plaintiff was capable of performing. Tr. 49

As the ALJ erred, the question is whether to remand for further administrative proceedings or an award of benefits. Generally, "when an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012), quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). However, an award of benefits can be directed "where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Remand for calculation of benefits is only appropriate where the credit-as-true standard has been satisfied, which requires:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020 (citations omitted).

As noted, the record is clear that given the ALJ's findings (which Plaintiff does not dispute), along with the VE's testimony (which Plaintiff does not dispute), Plaintiff is unable to perform any jobs existing in significant numbers in the national economy above the sedentary exertional level. The Commissioner does not argue, for example, that the VE erred in determining the number of jobs one with Plaintiff's RFC could perform. Nor does the Commissioner argue that the VE erred in calculating the number of blending tank tender helper jobs existing in the national economy.

5 – OPINION AND ORDER

Instead, the Commissioner argues that "his medical record was minimal, which called into question the severity of his symptoms." Def. Br. 5. While the Court agrees that the medical record is not as robust as that of most claimants, the ALJ acknowledged medical records confirmed Plaintiff "had an injury to his right wrist in 2009, and an x-ray in September 2009 showed that there was limited improvement in positioning following a reduction and that an additional fracture was suspected. However, by March 2012, an x-ray showed the claimant had post-traumatic radiocarpal arthrosis with early scapholunate advanced collapse."[3] Tr. 19 (citations omitted). The state agency physicians, looking at the same medical records, each concluded Plaintiff could not climb ladders, ropes, or scaffolds. The ALJ gave great weight to those opinions. This is not a case that depends on crediting Plaintiff's testimony as true to establish disability. Instead, the record is fully developed and the ALJ's findings and conclusions, which Plaintiff does not object to, demonstrate that Plaintiff is not capable of performing any light exertional level jobs as of his 50th birthday. Under the Act, Plaintiff is therefore disabled as of that date.

## CONCLUSION

The decision of the Commissioner is REVERSED and this matter is REMANDED to the Commissioner for the immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 13th day of September, 2022.

       /s/ Michael J. McShane
       Michael McShane
       United States District Judge

---

[3] Medical records indicate Plaintiff "suffered a comminuted Colles fracture related to a bike injury about 10 years ago [as of August 2018]. He had limited orthopedic follow-up and never underwent treatment for the fracture. Wrist radiographs from 2012 showed post-traumatic radiocarpal arthrosis and early SLAC wrist. He endorses ongoing worsening of pain as well as decreased range of motion." Tr. 427.

6 – OPINION AND ORDER